1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

LAURIE E. HALL, Calif. Bar No. 184860
SYNTHESIS LAW
21C Orinda Way, #226
Orinda, California 94563
Tel: (415) 254-6695
Fax: (925) 266-3117
Email: laurie@synthesislaw.com

*Attorney for Plaintiff*
*World Champ Tech LLC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WORLD CHAMP TECH LLC,<br><br>                Plaintiff,<br><br>        vs.<br><br>PELOTON INTERACTIVE, INC.,<br><br>                Defendant. | Case No.: _____<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

        Plaintiff, World Champ Tech LLC (hereinafter "World Champ Tech"), for its complaint against Defendant, Peloton Interactive, Inc. (hereinafter "Peloton"), alleges as follows:

**<u>NATURE OF ACTION</u>**

        1.        This is an action to redress violations of the federal Lanham Act for infringement of a federally registered trademark (15 U.S.C. § 1114), federal unfair competition (15 U.S.C. § 1125(a)), California unfair competition (Cal. Bus. & Prof. Code § 17200), the making and dissemination of untrue and misleading statements (Cal. Bus. & Prof. Code § 17500), and common law trademark infringement and unfair competition, as the result of Peloton's willful and unauthorized use of World Champ Tech's trademark, as more fully set forth hereinafter. World Champ Tech seeks injunctive relief restraining Peloton's infringement of World Champ

Tech's trademark, monetary damages, attorneys' fees, costs of action, restitution, exemplary damages, and related relief.

## THE PARTIES

2.      World Champ Tech is a California limited liability company with its business address at 305 Windingwood Court, Mountain View, California 94040.

3.      On information and belief, Peloton is a Delaware corporation with its business address at 125 West 25th Street, 11th Floor, New York, New York 10001.

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction over World Champ Tech's claims under and pursuant to 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331 and 1338(a) because the claims arise under the federal Lanham Act, 15 U.S.C. § 1051 *et seq*. This Court also has pendent jurisdiction over all related claims herein in accordance with 28 U.S.C. § 1338(b).

5.      On information and belief, Peloton, either directly or through its agents, has transacted business in the State of California and within this judicial district, as more specifically set forth below, and expected or should reasonably have expected its acts to have consequence in the State of California and within this judicial district.

6.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because Peloton is doing business in this judicial district and therefore may be found in this district, a substantial part of the events giving rise to the claims alleged herein occurred in this judicial district, and/or the infringement occurred in this judicial district.

## INTRADISTRICT ASSIGNMENT

7.      As a civil action concerning intellectual property rights, this case will be assigned to a division on a district-wide basis pursuant to Civil Local Rule 3-2(c).

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

## WORLD CHAMP TECH'S TRADEMARK

8.      World Champ Tech is a California-based fitness technology company.  It was founded in 2012 by professional cyclist James Mattis – winner of the 2011 World Amateur Road

Race Championship and 2008 US Amateur Road Race Championship – and professional cyclist and Olympic windsurfer Ted Huang.

9.     Since 2014, World Champ Tech has used BIKE+ continuously in commerce as a trademark for its mobile fitness applications. Such use has been exclusive in the United States since the date of World Champ Tech's first use of the BIKE+ mark in interstate commerce in 2014.

10.     World Champ Tech's BIKE+ fitness apps allow users to detect, record, store, analyze, and share data from their indoor or outdoor cycling sessions, including but not limited to heart rate, caloric energy use, speed, distance, grade, elapsed time, and audiovisual recordings.

11.     World Champ Tech's target consumers for its BIKE+ fitness apps are tech-savvy individuals who place an emphasis on their health and prioritize their fitness, including but not limited to cyclists and runners.

12.     World Champ Tech's BIKE+ apps are available to consumers on the Apple App Store platform.  A search for BIKE+ on the Apple App Store platform provides results for World Champ Tech's BIKE+ fitness apps.

13.     World Champ Tech's BIKE+ fitness apps integrate with various devices, including but not limited to the Apple iPhone® and Apple Watch® devices.

14.     World Champ Tech's BIKE+ apps have been well received by the market, with many 5-star reviews on the Apple App Store platform.

15.     World Champ Tech owns U.S. Trademark Registration No. 4782695 on the Principal Register for the BIKE+ mark for the following goods in International Class 9:

> Downloadable mobile applications for recording and managing cycling activities, namely, the rider's average and maximum speed, rider's average and maximum power, heart rate, geographic route taken, outside air temperature, altercations with aggressive drivers, rider-entered route conditions, taking photos and uploading the same to an external computer server for personal review and viewing by others.

The registration issued on July 28, 2015, with constructive rights dating back to November 23, 2013.  Attached hereto as Exhibit A is a true and accurate copy of the certificate of registration from the United States Patent and Trademark Office for U.S. Trademark Registration No. 4782695.

16.     There is no limitation in World Champ Tech's U.S. Registration No. 4782695 as to the nature, type, channels of trade, or class of purchasers of or for World Champ Tech's goods identified therein.  World Champ Tech's U.S. Registration No. 4782695 encompasses all goods or services of the type described therein (for example, whether cycling outdoors or indoors).  It is presumed that the goods move in all normal channels of trade and are available to all classes of purchasers.

17.     World Champ Tech displays the BIKE+ mark with the ® registration symbol.

18.     World Champ Tech's U.S. Registration No. 4782695 for the BIKE+ mark is constructive notice nationwide of World Champ Tech's ownership of the BIKE+ mark for the goods claimed therein.

19.     World Champ Tech claims "incontestable" rights in the distinctive BIKE+ mark for the apps specified in its U.S. Registration No. 4782695.  On December 1, 2020, World Champ Tech filed a "Combined Declaration of Use and Incontestability under Sections 8 & 15" with the United States Patent and Trademark Office in connection with the registration. As an incontestable registration, it is conclusive evidence of the validity of the BIKE+ mark, World Champ Tech's ownership of the BIKE+ mark, and World Champ Tech's exclusive right to use the BIKE+ mark nationwide on or in connection with the specified apps.

20.     World Champ Tech has devoted significant marketing, advertising, and financial resources and creative energies towards selecting, adopting, using, promoting, registering, and protecting the BIKE+ mark. These efforts have established a connection in the minds of consumers between the BIKE+ mark and World Champ Tech's fitness apps such that the public has come to recognize the BIKE+ mark as an indication of the source of

World Champ Tech's goods.  World Champ Tech derives substantial goodwill and value from its use of the BIKE+ mark.

21.     World Champ Tech has promoted its BIKE+ fitness apps on Facebook by having a dedicated page for the apps at https://www.facebook.com/bikeplusapp and placing advertising using Facebook App Install Ads.  World Champ Tech has used the BIKE+ mark in promotional materials for its fitness apps on its company website (www.worldchamptech.com) and social media pages on Instagram (https://www.instagram.com/worldchamptech/), Facebook (https://www.facebook.com/worldchamptech), and Twitter (https://twitter.com/WorldChampTech).  World Champ Tech has published press releases to announce significant news about its BIKE+ apps.  World Champ Tech has also promoted its BIKE+ apps in connection with its sponsorships of U.S. athletes, including but not limited to a professional cycling team in 2015 and an Olympic cyclist in 2016.

## PELOTON'S UNLAWFUL ACTIONS

22.     Peloton is a New York-based exercise equipment and fitness technology corporation that is registered with the California Secretary of State to transact business in California.  Since it started selling interactive stationary bicycles several years ago, Peloton has expanded its business to include additional exercise equipment, exercise and fitness classes, downloadable software applications, and other goods and services related to its connected-fitness products.

23.     Notwithstanding World Champ Tech's well-established rights in the BIKE+ mark, Peloton launched a line of interactive stationary bicycles in September 2020 under the identical trademark, BIKE+, and started selling them to consumers throughout California and the United States.

24.     World Champ Tech first learned of Peloton's use of BIKE+ on or about September 9, 2020, when James Mattis read a Wired magazine article about the "new Peloton indoor cycling bike, called Bike+" (Lauren Goode, *Peloton Is Betting You'll Never Go Back to the Gym*, WIRED, September 8, 2020).

CIVIL ACTION NO.                                                                          5
COMPLAINT; DEMAND FOR JURY TRIAL

25. Peloton sells its products under the BIKE+ trademark through its company website at https://www.onepeloton.com/ and its retail showrooms in Walnut Creek, CA, Santa Clara, CA, and many other locations throughout California and the United States.

26. Peloton's BIKE+ branded products allow users to capture, display, and share performance metrics and other data from their cycling sessions.

27. Peloton prominently uses BIKE+ as a product name and trademark on its website at www.onepeloton.com and on social media, including but not limited to Instagram at https://www.instagram.com/onepeloton/, Twitter at https://twitter.com/onepeloton, and Facebook at https://www.facebook.com/onepeloton.com.

28. Peloton's BIKE+ products feature integration with Apple Inc.'s GymKit™ software, which enables the syncing of heart rate and other workout tracking data between Apple Watch® devices and stationary exercise bicycles and other compatible cardio machines.

29. In promotional materials, Peloton urges consumers to "[p]air your Apple Watch® with the Bike+ to share more accurate performance metrics between the two devices including heart rate, output, and more."

30. Peloton's BIKE+ products include an integrated touchscreen display that is used for, among other things, accessing Peloton's fitness apps.

31. Peloton has various downloadable mobile applications, including but not limited to an Apple iPhone® app and an Apple Watch® app, that consumers can use to record data from their cycling sessions, including but not limited to heart rate, caloric energy use, and elapsed time.

32. Consumers who subscribe to Peloton's digital content can also use Peloton's fitness apps to view Peloton's workout classes which, on information and belief, can be viewed while simultaneously using World Champ Tech's BIKE+ fitness apps to detect, record, store, analyze, and share workout data, including but not limited to heart rate, caloric energy use, elapsed time, and workout location.

33. Peloton prominently uses BIKE+ as a product name and trademark in its fitness apps. For example, when opened on an Apple iPhone® device, Peloton's app displays BIKE+ for each tracked workout.

34. Peloton's fitness apps are available on a variety of app platforms, including Apple App Store, Google Play, Amazon Appstore, and Roku Channel.

35. On information and belief, Peloton has used BIKE+ as a keyword in the App Record for the Peloton iPhone and/or Apple Watch apps on the Apple App Store Connect website in a way that has caused Peloton's fitness apps to be displayed near World Champ Tech's BIKE+ fitness apps in results for a search for the term BIKE+ in the Apple App Store.

36. On information and belief, Peloton has placed advertising using the Apple App Store Search Ads program in a way that has caused an advertisement for Peloton's fitness apps to be displayed near World Champ Tech's BIKE+ fitness apps in results for a search for the term BIKE+ on the Apple App Store platform (the only platform that can be used with an Apple iPhone® device).

37. On information and belief, at Peloton's request, Apple created a developer story featuring Peloton's fitness apps, which has appeared near World Champ Tech's BIKE+ fitness apps in results for a search for the term BIKE+ on the Apple App Store.

38. On information and belief, Peloton's target consumers for its BIKE+ products are tech-savvy individuals who place an emphasis on their health and prioritize their fitness, including but not limited to cyclists and runners.

39. It is possible for consumers to be aware of Peloton's use of BIKE+ in commerce even without purchasing or using Peloton's BIKE+ products themselves. For example, cyclists are likely to be aware of Peloton and its products, including but not limited to Peloton's BIKE+ products.

40. On information and belief, Peloton has not sought or obtained a trademark registration from the United States Patent and Trademark Office in connection with its BIKE+ brand of products and/or services. Peloton owns federal trademark registrations for goods and

services that are the same as, or similar, related, or complementary to, World Champ Tech's BIKE+ fitness apps. Peloton owns U.S. Trademark Registration Nos. 4565106 and 4580888, each of which includes, among other things, "stationary bicycles equipped with interactive computer systems" in International Class 28 and certain downloadable software in International Class 9 "for monitoring and analyzing various parameters associated with the operation of a bicycle or exercise cycle and for fitness training" and "for use by individuals participating in exercise classes, physical training, and exercise instruction for detecting, storing and reporting daily human energy expenditure and physical activity level, for developing and monitoring personal activity and exercise plans, training goals and giving feedback on the achieved results." Attached hereto as Exhibit B are true and accurate copies of the certificates of registration from the United States Patent and Trademark Office for Peloton's U.S. Trademark Registration Nos. 4565106 and 4580888.

41.     Peloton also uses BIKE+ as part of its PELOTON BIKE+ trademark in commerce to identify and distinguish its connected-fitness goods and/or services from those of others and to indicate the source of its goods, including, but not limited to, use in product user manuals, website and social media content, and product displays.

42.     On page 42 of the Form 10-K filed with the U.S. Securities and Exchange Commission ("SEC") in September 2020, Peloton disclosed that it had "announced an exciting new addition to our category-leading bike offering: Bike+. Offered at $2,495, Bike+ builds on our groundbreaking connected fitness bike experience . . . ." In the Overview section of the Form 10-Q filed with the SEC in February 2021, Peloton stated that its "Connected Fitness Product portfolio currently include[s] the Peloton Bike, Bike+, and the Peloton Tread and Tread+." Peloton's use of World Champ Tech's registered BIKE+ mark in Peloton's SEC filings is without World Champ Tech's consent or authorization.

43.     World Champ Tech has not consented to or authorized Peloton's use of BIKE+ or PELOTON BIKE+.

44.     As a result of Peloton's unauthorized use of BIKE+ in commerce as a trademark for Peloton's goods and/or services, consumers encountering Peloton's BIKE+ products may mistakenly believe that they are somehow connected with World Champ Tech and/or World Champ Tech's BIKE+ apps.

45.     As a result of Peloton's unauthorized use of BIKE+ in commerce as a trademark for Peloton's goods and/or services, consumers encountering World Champ Tech's BIKE+ fitness apps may mistakenly believe that they are somehow connected with Peloton and/or Peloton's BIKE+ product.

46.     On information and belief, Peloton's use of BIKE+ in commerce as a trademark increases the profitability of Peloton's goods and/or services over what it would be without such use.

47.     Peloton has had constructive notice of World Champ Tech's BIKE+ mark since the issuance of World Champ Tech's U.S. Trademark Registration No. 4782695 in July 2015.

48.     Peloton should have been aware of World Champ Tech's BIKE+ mark before Peloton started using BIKE+ in commerce.

49.     On information and belief, Peloton was actually aware of World Champ Tech's BIKE+ mark before Peloton started using BIKE+ in commerce.

50.     On information and belief, Peloton failed to conduct a reasonably adequate trademark search for BIKE+ before it started using BIKE+ in commerce.

51.     On information and belief, before Peloton started using BIKE+ in commerce, it understood that it could access federal trademark registration records online via the United States Patent and Trademark Office's publicly available Trademark Electronic Search System.

52.     Before Peloton started using BIKE+ in commerce, anyone in the United States with basic computer skills, a computer, an internet connection, and browser software could have found World Champ Tech's U.S. Registration No. 4782695 for the BIKE+ mark by entering BIKE+ into the United States Patent and Trademark Office's online and publicly available Trademark Electronic Search System.

53.     On information and belief, by adopting World Champ Tech's BIKE+ mark as a trademark for Peloton's own goods and/or services, Peloton avoided spending time, manpower, and money to select and adopt a comparable trademark without infringement.

54.     On information and belief, Peloton started using BIKE+ in commerce without authorization from World Champ Tech or any reasonable belief that such use would be lawful.

55.     On information and belief, Peloton started using PELOTON BIKE+ in commerce without authorization from World Champ Tech or any reasonable belief that such use would be lawful.

56.     On information and belief, Peloton adopted and has used BIKE+ in commerce as a trademark for its goods and/or services with knowledge that such use would be likely to cause confusion, mistake, or to deceive consumers as to the source, sponsorship, and/or approval of such goods and/or services.

57.     On information and belief, Peloton adopted and has used BIKE+ in commerce as a trademark for its goods and/or services with an intent to infringe World Champ Tech's BIKE+ mark.

58.     On information and belief, Peloton adopted and has used BIKE+ in commerce as a trademark for its goods and/or services with an intent to compete unfairly with World Champ Tech and gain an undue advantage in the marketplace to which it is not entitled.

59.     On information and belief, Peloton adopted and has used BIKE+ in commerce as a trademark for its goods and/or services with knowledge that such use would violate World Champ Tech's rights under federal law and/or California law.

60.     On information and belief, Peloton adopted and has used BIKE+ in commerce as a trademark for its goods and/or services with an intent to trade upon and take advantage of the goodwill and recognition of World Champ Tech's BIKE+ mark and to obtain a salability for Peloton's goods and/or services that they would not have otherwise had.

61.     On information and belief, Peloton adopted and has used BIKE+ in commerce as a trademark for its goods and/or services with an intent to injure World Champ Tech and

World Champ Tech's rights in its BIKE+ mark, including but not limited to the ability of the BIKE+ mark to identify World Champ Tech as the source of World Champ Tech's goods.

62.   On information and belief, Peloton was motivated to infringe World Champ Tech's BIKE+ mark and unfairly compete with World Champ Tech because Peloton perceived itself to be economically stronger than World Champ Tech.

63.   As a result of Peloton's infringement and unfair competition, World Champ Tech has suffered and, unless Peloton is enjoined from further unlawful actions, will continue to suffer irreparable harm and damage that is unquantifiable and/or cannot be adequately compensated by monetary damages, including but not limited to damage to World Champ Tech's reputation and/or goodwill in World Champ Tech's BIKE+ mark, impairment of the ability of World Champ Tech's BIKE+ mark to serve as a unique and distinctive source indicator for World Champ Tech and/or its goods, and the diminution of the value of World Champ Tech's BIKE+ mark.

64.   As a result of Peloton's infringement and unfair competition, World Champ Tech has sustained and, unless Peloton is enjoined from further unlawful actions, will continue to sustain, monetary damages, including but not limited to lost sales and profits, damage to World Champ Tech's reputation and/or goodwill in World Champ Tech's BIKE+ mark, and the cost of corrective advertising or other efforts to correct or prevent any consumer confusion that may be caused by Peloton's unlawful actions and practices.

65.   Peloton has acted with ill will and spite toward World Champ Tech and World Champ Tech's rights in the BIKE+ mark by intentionally adopting and using the BIKE+ mark in commerce as a trademark for Peloton's goods and/or services, with complete indifference to, and reckless disregard for, World Champ Tech's rights in its BIKE+ federally registered trademark, to Peloton's substantial benefit, and at World Champ Tech's expense.

66.   It would be inequitable and unjust to allow Peloton to continue to use and reap the benefits of World Champ Tech's registered BIKE+ mark.

67.     On December 2, 2020, World Champ Tech sent a demand letter to Peloton that advised Peloton of World Champ Tech's rights in the BIKE+ trademark and explained that Peloton's use of World Champ Tech's BIKE+ for Peloton's products constitutes trademark infringement.

68.     Despite World Champ Tech's demand letter to Peloton, Peloton has refused to discontinue its unauthorized use of World Champ Tech's BIKE+ trademark and continued to use BIKE+ as a trademark to market and sell products throughout California and the United States without World Champ Tech's consent or authorization.

69.     Unless enjoined by this Court, Peloton will continue to flout federal and state law and use BIKE+ and PELOTON BIKE+ to confuse, deceive and mislead the public, and the Court would be implicitly sanctioning the unlawful conduct and failing to deter the same kind of conduct by others.

## FIRST CLAIM FOR RELIEF

(Federal Trademark Infringement Under 15 U.S.C. § 1114)

70.     World Champ Tech repeats and incorporates by reference each of the allegations set forth in paragraphs 1 through 69 above as though fully set forth herein.

71.     World Champ Tech owns incontestable U.S. Trademark Registration No. 4782695 for the BIKE+ mark.

72.     Peloton's BIKE+ mark is identical and confusingly similar to World Champ Tech's registered BIKE+ mark in sight, sound, and meaning.

73.     Peloton is using the BIKE+ mark in commerce in connection with the sale, offering for sale, distribution, and/or advertising of goods and/or services that are the same as, or similar, related, complementary to, and/or confusingly similar to the goods identified in World Champ Tech's Registration No. 4782695.

74.     Peloton's unauthorized use of the BIKE+ mark is likely to cause confusion, to cause mistake, or to deceive, and constitutes infringement of World Champ Tech's rights in and to the BIKE+ trademark in violation of 15 U.S.C. § 1114.

75.     Peloton's unlawful actions and practices have caused damage and irreparable harm to World Champ Tech's reputation and/or goodwill in World Champ Tech's BIKE+ mark and, unless Peloton is enjoined from further unlawful actions, Peloton will continue to cause irreparable harm to World Champ Tech and to the public that is unquantifiable and/or cannot be adequately compensated by monetary damages and for which there is no other adequate legal remedy.

76.     As a result of Peloton's unlawful actions and practices, World Champ Tech has sustained, and will continue to sustain, monetary damages, including but not limited to lost sales and profits, and the cost of corrective advertising or other efforts to correct or prevent any consumer confusion that may be caused by Peloton's unlawful actions and practices.

77.     On information and belief, as a result of Peloton's unlawful actions and practices, Peloton has received and will receive substantial profits to which it is not entitled.

78.     On information and belief, Peloton has acted with full knowledge of World Champ Tech's rights and, on information and belief, Peloton has acted with malice to usurp such rights.  Peloton's acts are therefore intentional and willful, and were calculated to confuse, deceive, and mislead the public.  Due to Peloton's exceptional misconduct, Peloton should be held liable to World Champ Tech for treble damages and attorneys' fees pursuant to 15 U.S.C. § 1117.

## SECOND CLAIM FOR RELIEF

(Federal Unfair Competition Under 15 U.S.C. § 1125(a))

79.     World Champ Tech repeats and incorporates by reference each of the allegations set forth in paragraphs 1 through 69, and 71 through 78 above, as though fully set forth herein.

80.     World Champ Tech and Peloton compete with each other in interstate commerce in connection with the sale, offering for sale, distribution, and/or advertising of goods and/or services using the BIKE+ mark.

81.     Peloton uses the BIKE+ mark in commerce as a trademark for or in connection with the sale, offering for sale, distribution, and/or advertising of goods and/or services that are

the same as, or similar, related, complementary to, and/or confusingly similar to World Champ Tech's BIKE+ goods, without World Champ Tech's consent or authorization.

82.     By offering goods and/or services in connection with the BIKE+ mark, Peloton has used BIKE+ in commerce in connection with its goods and/or services as a false designation of origin or false or misleading description or representation of fact, which is likely to cause confusion, to cause mistake, and/or to deceive or mislead the public into believing that there is an affiliation, connection, and/or association between Peloton and World Champ Tech.

83.     By offering goods and/or services in connection with the BIKE+ mark, Peloton has used BIKE+ in commerce in connection with its goods and/or services as a false designation of origin or false or misleading description or representation of fact, which is likely to cause confusion and/or to deceive or mislead the public into believing that Peloton's goods and/or services originate with, or are sponsored and/or approved by, World Champ Tech.

84.     Peloton's actions, as set forth above, constitute unfair competition, false designation of origin, and false or misleading description in violation of 15 U.S.C. § 1125(a).

85.     Peloton's unlawful actions and practices have caused damage to World Champ Tech's reputation and/or goodwill in World Champ Tech's BIKE+ mark and, unless Peloton is enjoined from further unlawful actions, Peloton will continue to cause irreparable harm to World Champ Tech and to the public that is unquantifiable and/or cannot be adequately compensated by monetary damages and for which there is no other adequate legal remedy.

86.     As a result of Peloton's unlawful actions and practices, World Champ Tech has sustained, and will continue to sustain, monetary damages, including but not limited to lost sales and profits, and the cost of corrective advertising and other efforts to correct or prevent any consumer confusion that may be caused by Peloton's unlawful actions and practices.

87.     On information and belief, as a result of Peloton's unlawful actions and practices, Peloton has received and will receive substantial profits to which it is not entitled.

88.     On information and belief, Peloton has acted with full knowledge of World Champ Tech's rights and, on information and belief, Peloton has acted with the intention to

usurp such rights. Peloton's acts are therefore intentional and willful, and were calculated to confuse, deceive, and mislead the public. Due to Peloton's exceptional misconduct, Peloton should be held liable to World Champ Tech for treble damages and attorneys' fees pursuant to 15 U.S.C. § 1117.

### THIRD CLAIM FOR RELIEF

(State Unfair Competition Under Cal. Bus. & Prof. Code § 17200)

89.    World Champ Tech repeats and incorporates by reference each of the allegations set forth in paragraphs 1 through 69, 71 through 78, and 80 through 88 above, as though fully set forth herein.

90.    World Champ Tech and Peloton compete with each other in interstate commerce in connection with the sale, offering for sale, distribution, and/or advertising of goods and/or services using the BIKE+ mark.

91.    By using the BIKE+ mark in commerce in connection with the sale, offering for sale, distribution, and/or advertising of goods and/or services that are the same as, or similar, related, complementary to, or confusingly similar to World Champ Tech's BIKE+ goods, without World Champ Tech's authorization, Peloton unfairly competes with World Champ Tech to Peloton's benefit. As a result of Peloton's unlawful actions and practices, World Champ Tech has sustained economic damage, including but not limited to lost sales and profits, a reduction in the value of World Champ Tech's BIKE+ mark, and being compelled to expend money to redress and prevent Peloton's unfair competition.

92.    Peloton's actions, as set forth above, constitute unlawful, unfair, and/or fraudulent business acts and/or practices in violation of Cal. Bus. & Prof. Code § 17200.

93.    Peloton's unlawful actions and practices have caused damage and irreparable harm to World Champ Tech's reputation and/or goodwill in World Champ Tech's BIKE+ mark and, unless Peloton is enjoined from further unlawful actions, Peloton will continue to cause irreparable harm to World Champ Tech and to the public that is unquantifiable and/or cannot be

adequately compensated by monetary damages and for which there is no other adequate legal remedy.

94.     Due to Peloton's conduct and the circumstances of this case, World Champ Tech is entitled to restitution from Peloton of all amounts by which Peloton has been unjustly enriched at World Champ Tech's expense.

95.     On information and belief, Peloton has acted with full knowledge of, and a willful and conscious disregard for, World Champ Tech's rights.  On information and belief, Peloton has acted with malice to usurp World Champ Tech's rights and injure World Champ Tech and World Champ Tech's BIKE+ mark and to deceive or mislead the public concerning the origin or sponsorship of Peloton's goods or a connection between Peloton and World Champ Tech.  Peloton's acts have cruelly subjected World Champ Tech to unjust hardship with a reckless disregard of World Champ Tech's rights. Due to Peloton's despicable conduct, World Champ Tech is entitled to recover from Peloton exemplary damages pursuant to Cal. Civ. Code § 3294(a) and prejudgment interest pursuant to Cal. Civ. Code § 3288.

## FOURTH CLAIM FOR RELIEF

(Untrue or Misleading Statements Under Cal. Bus. & Prof. Code § 17500)

96.     World Champ Tech repeats and incorporates by reference each of the allegations set forth in paragraphs 1 through 69, 71 through 78, 80 through 88, and 90 through 95 above, as though fully set forth herein.

97.     Peloton has advertised and otherwise used the BIKE+ mark in commerce as a trademark for its goods and/or services with the intent to induce the public to purchase Peloton's BIKE+ goods, and with knowledge that advertising and use falsely and/or misleading communicates to consumers that there is an affiliation, connection, and/or association between Peloton and World Champ Tech and/or that Peloton's goods and/or services originate with, or are sponsored and/or approval by, World Champ Tech.

98.     Pelotons actions constitute the making or disseminating of statements that are untrue or misleading and/or that Peloton knows or should know are untrue or misleading, in violation of Cal. Bus. & Prof. Code § 17500.

99.     Peloton's unlawful actions and practices have caused damage and irreparable harm to World Champ Tech's reputation and/or goodwill in World Champ Tech's BIKE+ mark and, unless Peloton is enjoined from further unlawful actions, Peloton will continue to cause irreparable harm to World Champ Tech and to the public that is unquantifiable and/or cannot be adequately compensated by monetary damages and for which there is no other adequate legal remedy.

100.     Due to Peloton's conduct and the circumstances of this case, World Champ Tech is entitled to restitution from Peloton of all amounts by which Peloton has been unjustly enriched at World Champ Tech's expense.

101.     On information and belief, Peloton has acted with full knowledge of, and a willful and conscious disregard for, World Champ Tech's rights.  On information and belief, Peloton has acted with malice to usurp World Champ Tech's rights and injure World Champ Tech and World Champ Tech's BIKE+ mark and to deceive or mislead the public concerning the origin or sponsorship of Peloton's goods or a connection between Peloton and World Champ Tech.  Peloton's acts have cruelly subjected World Champ Tech to unjust hardship with a reckless disregard of World Champ Tech's rights. Due to Peloton's despicable conduct, World Champ Tech is entitled to recover from Peloton exemplary damages pursuant to Cal. Civ. Code § 3294(a) and prejudgment interest pursuant to Cal. Civ. Code § 3288.

## FIFTH CLAIM FOR RELIEF

(Common Law Trademark Infringement)

102.     World Champ Tech repeats and incorporates by reference each of the allegations set forth in paragraphs 1 through 69, 71 through 78, 80 through 88, 90 through 95, and 97 through 101 above, as though fully set forth herein.

103.     Peloton's unauthorized use of BIKE+ in commerce as a trademark for its goods and/or services causes a likelihood that it will be confused with World Champ Tech's prior and well-established BIKE+ mark and constitutes trademark infringement and passing off in violation of the common law of California.

104.     Peloton's unlawful actions and practices have caused damage and irreparable harm to World Champ Tech's reputation and/or goodwill in World Champ Tech's BIKE+ mark and, unless Peloton is enjoined from further unlawful actions, Peloton will continue to cause irreparable harm to World Champ Tech and to the public that is unquantifiable and/or cannot be adequately compensated by monetary damages and for which there is no other adequate legal remedy.

105.     As a result of Peloton's unlawful actions and practices, World Champ Tech has sustained, and will continue to sustain, monetary damages, including but not limited to lost sales and profits, and the cost of corrective advertising or other efforts to correct or prevent any consumer confusion that may be caused by Peloton's unlawful actions and practices.

106.     On information and belief, as a result of Peloton's unlawful actions and practices, Peloton has received and will receive substantial profits to which it is not entitled.

107.     On information and belief, Peloton has acted with full knowledge of, and a willful and conscious disregard for, World Champ Tech's rights.  On information and belief, Peloton has acted with malice to usurp World Champ Tech's rights and injure World Champ Tech and World Champ Tech's BIKE+ mark and to deceive or mislead the public concerning the origin or sponsorship of Peloton's goods or a connection between Peloton and World Champ Tech.  Peloton's acts have cruelly subjected World Champ Tech to unjust hardship with a reckless disregard of World Champ Tech's rights. Due to Peloton's despicable conduct, World Champ Tech is entitled to recover from Peloton exemplary damages pursuant to Cal. Civ. Code § 3294(a) and prejudgment interest pursuant to Cal. Civ. Code § 3288.

## SIXTH CLAIM FOR RELIEF

### (Common Law Unfair Competition)

108.    World Champ Tech repeats and incorporates by reference each of the allegations set forth in paragraphs 1 through 69, 71 through 78, 80 through 88, 90 through 95, 97 through 101, and 103 through 107 above, as though fully set forth herein.

109.    Peloton's widespread advertising and other use of BIKE+ in commerce as a trademark for its goods and/or services constitutes unfair competition and false designation of origin in violation of the common law of California.

110.    Peloton's unlawful actions and practices have caused damage and irreparable harm to World Champ Tech's reputation and/or goodwill in World Champ Tech's BIKE+ mark and, unless Peloton is enjoined from further unlawful actions, Peloton will continue to cause irreparable harm to World Champ Tech and to the public that is unquantifiable and/or cannot be adequately compensated by monetary damages and for which there is no other adequate legal remedy.

111.    As a result of Peloton's unlawful actions and practices, World Champ Tech has sustained, and will continue to sustain, monetary damages, including but not limited to lost sales and profits, and the cost of corrective advertising or other efforts to correct or prevent any consumer confusion that may be caused by Peloton's unlawful actions and practices.

112.    On information and belief, as a result of Peloton's unlawful actions and practices, Peloton has received and will receive substantial profits to which it is not entitled.

113.    On information and belief, Peloton has acted with full knowledge of, and a willful and conscious disregard for World Champ Tech's rights.  On information and belief, Peloton has acted with malice to usurp World Champ Tech's rights and injure World Champ Tech and World Champ Tech's BIKE+ mark and to deceive or mislead the public concerning the origin or sponsorship of Peloton's goods or a connection between Peloton and World Champ Tech.  Peloton's acts have cruelly subjected World Champ Tech to unjust hardship with a reckless disregard of World Champ Tech's rights. Due to Peloton's despicable conduct,

World Champ Tech is entitled to recover from Peloton exemplary damages pursuant to Cal. Civ. Code § 3294(a) and prejudgment interest pursuant to Cal. Civ. Code § 3288.

**PRAYER FOR RELIEF**

WHEREFORE, World Champ Tech requests that judgment be entered in its favor and against Peloton as follows:

1. That Peloton, its principals, partners, franchisees, agents, employees, licensees, affiliates, distributors, producers, parent or subsidiary companies, representatives, and all of those in privity with or acting under Peloton's direction and/or pursuant to its control, be enjoined from directly or indirectly:

    a. Using the BIKE+ mark, the PELOTON BIKE+ mark, or any term or mark that is confusingly similar to BIKE+ in connection with the advertisement, promotion, distribution, offering for sale, selling, or giving away of any goods or services in a manner that is likely to cause confusion or to deceive or mislead the consuming public, or otherwise infringes World Champ Tech's BIKE+ mark;

    b. Performing any acts or using any trademark, name, word, image or phrase that is likely to cause confusion, to cause mistake, to deceive, or to otherwise mislead the trade or public into believing that Peloton's goods or services originate with World Champ Tech or are sponsored by, approved by, licensed by, or associated with World Champ Tech, or that Peloton or its goods or services are in some way connected with World Champ Tech;

2. Committing any other act calculated to, or that does, unfairly compete with World Champ Tech in any manner.

3. That Peloton be required to file with the Court and serve on World Champ Tech a statement under oath evidencing compliance with all injunctive relief ordered by the Court within fourteen (14) days after the entry of each such order;

4. That Peloton, its principals, partners, franchisees, agents, employees, licensees, affiliates, distributors, producers, parent or subsidiary companies, representatives, and all of those in privity with or acting under Peloton's direction and/or pursuant to its control, be

required to destroy all materials in their possession (including but not limited to all advertisements, promotional materials, point of sale materials, labels, packaging, and any other materials, together with all means and materials for making and reproducing the same) bearing any term or mark that is confusingly similar to World Champ Tech's BIKE+ mark, and certify to World Champ Tech in writing how and when such items were destroyed;

5.     That Peloton be ordered to account for all profits it has derived from its infringing conduct, unfair practices, and unfair competition, and that World Champ Tech be awarded such profits, in an amount to be determined at trial;

6.     That Peloton be ordered to amend the most recent version of each of its filings with the U.S. Securities and Exchange Commission to remove all use of BIKE+ for or in connection with Peloton's products or services;

7.     That Peloton be ordered to pay World Champ Tech monetary damages for the harm resulting from Peloton's infringement of World Champ Tech's mark, in an amount to be determined at trial;

8.     That Peloton be ordered to pay for corrective advertising by World Champ Tech, in an amount to be determined at trial;

9.     That each award of Peloton's profits and/or World Champ Tech's damages be trebled due to the circumstances of this case;

10.    That Peloton be ordered to make restitution to World Champ Tech of all amounts by which Peloton has been unjustly enriched at World Champ Tech's expense;

11.    That Peloton be ordered to pay World Champ Tech's reasonable attorneys' fees on the basis that this is an exceptional case;

12.    That Peloton be ordered to pay World Champ Tech's costs of the action;

13.    That Peloton be ordered to pay World Champ Tech exemplary damages as a result of Peloton's misconduct, in an amount to be determined at trial;

14.    That Peloton be ordered to pay prejudgment interest at the legal rate on each damages award; and

15.     That World Champ Tech have such other and further relief as this Court shall deem just and proper on the merits.

Dated:  April 29, 2021                         Respectfully submitted,

_____

Laurie E. Hall
Synthesis Law

*Attorney for Plaintiff*
*World Champ Tech LLC*

## **VERIFICATION**

WORLD CHAMP TECH LLC V. PELOTON INTERACTIVE, INC.

I, James Mattis, do hereby declare:

I am a managing member of World Champ Tech LLC, Plaintiff in the above-
captioned matter.  I have read the foregoing complaint and know the contents thereof.  The
complaint is true of my own knowledge, except as to those matters that are therein stated on
information and belief and, as to those matters, I believe them to be true based on information
and belief.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 29th day of April, 2021, at Mountain View, California.


_____
                                                James Mattis

## <u>DEMAND FOR JURY TRIAL</u>

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff, World Champ Tech LLC demands a jury trial for all issues to be triable by a jury in this action.

Dated:  April 29, 2021                              Respectfully submitted,

_____

Laurie E. Hall
Synthesis Law

*Attorney for Plaintiff*
*World Champ Tech LLC*