UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WORLD CHAMP TECH LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>PELOTON INTERACTIVE, INC.,<br><br>    Defendant. | Case No. 21-cv-03202-SBA  (KAW)<br><br>**ORDER REGARDING DISCOVERY LETTER NO. 1**<br><br>Re: Dkt. No. 68 |

    This case concerns trademark infringement and unfair competition claims brought by Plaintiff World Champ Tech against Defendant Peloton based on Plaintiff's "BIKE+" trademark. (Dkt. No. 33 at 3.) Specifically, Plaintiff developed a BIKE+ app that it released on the Apple store in 2014, as well as a version of its BIKE+ app for the Apple Watch that was released in January 2021. (*Id.*) Plaintiff asserts infringement based on Defendant's advertising and sales of "Bike+" stationary bicycles starting in 2020. (*Id.*) Defendant, in turn, contends that Plaintiff abandoned and did not own the BIKE+ mark by the time Defendant released its Bike+ stationary bicycle. (*Id.* at 6.) In support, Defendant points to Plaintiff's apparent failure to market, update, or modify the BIKE+ app between September 2016 and the January 2021 version. (*Id.* at 7.)

    Pending before the Court is the parties' discovery letter regarding the stipulated protective order. (Discovery Letter, Dkt. No. 68.) The presiding judge entered a stipulated protective order on September 13, 2021, in which the parties stated that they were "in disagreement as to whether source code is relevant to any claim or defense in this litigation," and that the parties would "supplement this protective order to include provisions setting forth what materials may be designated as 'HIGHLY CONFIDENTIAL – SOURCE CODE,'" and how such materials would be produced. (Dkt. No. 42 at 12.) The parties now dispute how the stipulated protective order

should be modified for production of Plaintiff's source code.  Plaintiff seeks to modify the stipulated protective order with the Northern District of California's model protective order provisions for source code, whereas Defendant asserts such protections are unnecessary because Plaintiff's source code is of *de minimis* value.  (Discovery Letter at 3, 6.[1])

The Court finds that the model protective order provisions for source code should apply. *See Dynetix Design Sols., Inc. v. Synopsys, Inc.*, No. C-11-05973 PSG, 2012 WL 1232105, at *2 (N.D. Cal. Apr. 12, 2012) ("Fed.R.Civ.P. 83 specifically authorized district courts to promulgate local rules that are consistent with the federal rules, and the court sees no inconsistency in this district's presumptive determination that the burden is met when it comes to the specific issue of source code."); *Kelora Sys., LLC v. Target Corp.*, No. C 10-04947 CW LB, 2011 WL 6000759, at *2 (N.D. Cal. Aug. 29, 2011) ("The model protective order has been approved by the court and governs discovery unless the court enters a different protective [order].  [Citations.]  Accordingly, the court treats the model protective order as setting forth presumptively reasonable conditions regarding the treatment of highly confidential information.").

Defendant makes three primary objections to the model order.  First, Defendant contends that the proposed methods of production will make "it impossible to discern the date and extent of the coding at issue."  (Discovery Letter at 4.)  Defendant fails to explain how this is so.  The model protective order permits the review and search of source code at a specific location. Additionally, Plaintiff has offered to produce the source code in hard copy or on an iPad configured to make copying difficult.

Second, Defendant asserts that the model protective order will "gut[] key provisions meant to protect a receiving party . . . including those permitting [Defendant] to challenge designations and requiring [Plaintiff] to respond promptly to [Defendant]'s requests."  (Discovery Letter at 4.) Again, Defendant fails to explain why this is so.  No doubt, the provisions in the model order on challenging confidentiality designations would still apply.

Finally, Defendant argues that protection is not needed because Plaintiff's source code has

---

[1] Because the parties do not include page numbers, the Court refers to the ECF header pagination.

1   no significant value.  (Discovery Letter at 4-5.)  In support, Defendant cites *Cisco Systems, Inc. v.*
2   *Chung*, in which the district court declined to adopt source code protections because the plaintiff
3   had "failed to allege the independent economic value of its source code for debugging user
4   interface."  *Cisco Sys., Inc. v. Chung*, No. 19-CV-07562-PJH, 2020 WL 4505509, at *16 (N.D.
5   Cal. Aug. 5, 2020).  There, however, the court had previously found that the plaintiff had failed to
6   allege any value of its source code as a pleading matter.  Here, the value of Plaintiff's source code
7   is in dispute.  The Court declines to conclude that Plaintiff's source code lacks value in a
8   discovery dispute.  Defendant also cites *Realtime Adaptive Streaming v. Google LLC*, which is
9   also distinguishable as it concerns the addition of an acquisition bar limiting individuals who
10  reviewed an entity's confidential technical information from being involved in advising clients
11  about the acquisition of patents relating to that area for a certain period of time.  No. CV 18-3629-
12  GW(JCX), 2019 WL 13039329 (C.D. Cal. May 6, 2019).  Such a limitation imposes a significant
13  burden on those reviewing information and is not a standard term in this district's model
14  protective order.  Accordingly, the Court finds that the model protective order terms regarding
15  source code should apply.

16       The Court, however, notes that Plaintiff has modified the model protective order's source
17  code provisions without adequate explanation.  Specifically, the model protective order provides
18  that source code may "be reasonably reviewed and searched during normal business hours or other
19  mutually agreeable times at a location that is reasonably convenient for the Receiving Party and
20  any experts to whom the source code may be disclosed."  Plaintiff would modify this so that the
21  source code must be viewed at a "mutually agreed upon location that accounts for the fact that
22  lead counsel and experts may be in different jurisdictions," and would require counsel to attempt
23  to coordinate production of source code "in conjunction with depositions that occur within the
24  jurisdiction in which Receiving Counsel and/or experts are located . . . ."  (Discovery Letter, Exh.
25  B at 13.)  Plaintiff provides no justification for this modification.  The model protective order's
26  provision should apply.  The other modifications, including proposing alternative methods of
27  production (*i.e.*, paper copy or on an iPad) at the receiving party's expense are permissible.
28       The parties shall file a modified stipulated protective order consistent with this order

within **seven days** of the date of this order.

This order disposes of Docket No. 68.

IT IS SO ORDERED.

Dated: June 15, 2022

KANDIS A. WESTMORE
United States Magistrate Judge