```
GREGORY S. GILCHRIST (Cal. Bar. No. 111536)
AMY SHAHAN PARIGI (Cal. Bar No. 261948)
RYAN BRICKER (Cal. Bar No. 269100)
PAYMANEH PARHAMI (Cal. Bar No. 335604)
VERSO LAW GROUP LLP
209 Kearny Street, 3rd Floor
San Francisco, CA  94108
Telephone:  (415) 534-0495
Email:      greg.gilchrist@versolaw.com
            amy.parigi@versolaw.com
            ryan.bricker@versolaw.com
            paymaneh.parhami@versolaw.com
```

*Attorneys for Plaintiff and Counter-Defendant*
*World Champ Tech LLC*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WORLD CHAMP TECH LLC,<br><br>           Plaintiff,<br><br>   vs.<br><br>PELOTON INTERACTIVE, INC.,<br><br>           Defendant.<br><br>AND RELATED COUNTERCLAIMS. | Case No. 3:21-cv-03202-LB<br><br>**PLAINTIFF'S COMBINED ADMINISTRATIVE MOTION TO FILE UNDER SEAL AND MOTION TO CONSIDER WHETHER DEFENDANT'S MATERIAL SHOULD BE SEALED** |

Pursuant to Civil Local Rules 7-11(a) and 79-5 and the Stipulated Amended Protective Order (Dkt. 74), Plaintiff and Counter-Defendant World Champ Tech LLC ("WCT"), in connection with its Reply in Support of Its Motion for Summary Judgment on Affirmative Defenses, Laches, Fraud, and Abandonment ("WCT's Reply"), (a) moves for administrative relief to file under seal certain non-public materials containing highly confidential competitive information belonging to WCT, and (b) provides Defendant Peloton Interactive, Inc. ("Peloton") with an opportunity to identify the interests that warrant sealing of Peloton's material.

## I.   INTRODUCTION

With respect to its own confidential material, WCT seeks to seal those documents pursuant to

Civil Local Rules 7-11(a) and 79-5(d), and the Stipulated Amended Protective Order. WCT's request is narrowly tailored to seal only confidential, sensitive material. This portion of the Combined Motion is supported by the Declaration of Amy Parigi ("Parigi Dec. iso WCT's MTS.") and a Proposed Order. Pursuant to Civil Local Rules 79-5(d) and 79-5(e), WCT lodges the Requested Sealed Documents with this Court, and respectfully requests leave to file these documents under seal.

With respect to Peloton's material, WCT is identifying the material that Peloton may seek to seal pursuant to Civil Local Rule 79-5(f).

## II. WCT IS NOT SEEKING TO SEAL THE FOLLOWING MATERIAL, WHICH HAD PREVIOUSLY BEEN DESIGNATED CONFIDENTIAL

WCT is not seeking to prevent public disclosure of the information contained in the following excerpt from WCT's Reply: p. 4, line 2.

WCT consents to un-sealing of such excerpt.

## III. THE FOLLOWING MATERIAL SHOULD BE SEALED

WCT asks that the Court allow the filing under seal of the following information, which WCT has designated as Confidential or Highly Confidential—Attorneys' Eyes Only information pursuant to the Stipulated Amended Protective Order (Dkt. 74):

| Document | Portions Sought to be Sealed | Reason for Sealing |
|---|---|---|
| WCT's Reply | p. 9, lines 23-24 (in footnote 2); p. 10, lines 2-3, 5, 7-10 | The portions of the brief identified here contain and reflect sensitive non-public information belonging to WCT (a) about WCT's litigation strategy and exchanges and negotiation in a legal dispute, and (b) about WCT's strategic and business planning information, including about the competitive landscape. Parigi Dec. ¶3. |

WCT seeks to file under seal the material identified above pursuant to Local Rule 79-5(e). The authority and grounds for sealing such documents and testimony are set forth below and in the Declaration of Amy Parigi submitted in support of this Administrative Motion.

### IV. THE MATERIAL IDENTIFIED ABOVE SHOULD BE SEALED

The law of the Ninth Circuit governs motions to file under seal. *See Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214, 1220 (Fed. Cir. 2013). The Ninth Circuit has held that compelling reasons may outweigh the public's interest in disclosure and justify sealing of court records. *See Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). For example, courts have recognized an overriding interest in preventing disclosure of business information that may harm a litigant's competitive standing. *See, e.g., Nixon v. Warner Comm'ns*, 435 U.S. 589, 598 (1978); *Apple*, 727 F.3d at 1221-22 (discussing competitive harm to business and the definition of "trade secret" adopted by the Ninth Circuit).

WCT seeks to seal this material because it contains confidential and commercially sensitive information. WCT requests that it be permitted to publicly file a redacted version of its Reply to protect this proprietary and confidential information from public disclosure, and that it be allowed to file under seal a version of its Reply. *See, e.g., France Telecom S.A. v. Marvell Semiconductor Inc.*, No. 12-CV-04967-WHO, 2014 WL 4965995, at *2 (N.D. Cal. Oct. 3, 2014) (sealing documents that discuss internal operation of defendant's technology).

### V. THE FOLLOWING INFORMATION IS SUBJECT TO PELOTON'S OPTION TO SUBSTANTIATE ITS CONFIDENTIALITY DESIGNATION

WCT provisionally files the following information under seal, which Peloton has designated as Confidential or Highly Confidential—Attorneys' Eyes Only pursuant to the Stipulated Amended Protective Order (Dkt. 74):

| Document | Portions Sought to be Sealed | Entity Designating the Information as Confidential |
|---|---|---|
| WCT's Reply | p. 4, lines 14-18, 20-21; p. 13, lines 18-19, 27; p. 16, lines 8-10, 21-22; p. 18, lines 1-2 | This material has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," "ATTORNEYS' EYES ONLY – HIGHLY CONFIDENTIAL," "CONFIDENTIAL," or "ATTORNEYS' EYES ONLY" by counsel for Peloton Interactive, Inc. and notice is given under L.R. 79-5(f). Parigi Dec. iso WCT's MTS ¶5. |

## VI. THE INFORMATION IDENTIFIED ABOVE SHOULD BE SEALED

As described in the supporting Parigi Declaration, there is good cause to file under seal or redact the information produced by Peloton and identified above. The information contains sensitive information designated by Peloton, as described above and in the supporting declaration. WCT seeks to seal only those portions of the information that contain "sealable" content pursuant to Civil Local Rule 79-5(c) that may be identified pursuant to Civil Local Rule 79-5(f).

## VII. CONCLUSION

For the foregoing reasons, WCT respectfully requests that the Court permit the above-referenced materials to be filed under seal.

Dated: May 11, 2023                                    Respectfully submitted,

**VERSO LAW GROUP LLP**

*/s/ Amy Parigi*
Gregory S. Gilchrist
Amy Parigi
Ryan Bricker
Paymaneh Parhami

*Attorneys for Plaintiff and Counter-Defendant World Champ Tech LLC*