MARK R. CONRAD (Cal. Bar No. 255667)
mconrad@conmetkane.com
GRACE YANG (Cal. Bar No. 286635)
gyang@conmetkane.com
CONRAD | METLITZKY | KANE LLP
Four Embarcadero Center, Suite 1400
San Francisco, CA 94111
Tel: (415) 343-7100

DAVID DONAHUE (admitted pro hac vice)
ddonahue@fzlz.com
LEO KITTAY (admitted pro hac vice)
lkittay@fzlz.com
NICOLE LIEBERMAN (admitted pro hac vice)
nlieberman@fzlz.com
SHELBY P. ROKITO (admitted pro hac vice)
srokito@fzlz.com
FROSS ZELNICK LEHRMAN & ZISSU, P.C.
151 West 42nd Street, 17th Floor
New York, New York 10036
Tel: (212) 813-5900

*Attorneys for Defendant and Counter-Plaintiff
Peloton Interactive, Inc.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO**

| | |
|---|---|
| WORLD CHAMP TECH LLC<br><br>Plaintiff,<br><br>v.<br><br>PELOTON INTERACTIVE, INC.,<br><br>Defendant.<br><br>PELOTON INTERACTIVE, INC.<br><br>Counter-Plaintiff,<br><br>v.<br><br>WORLD CHAMP TECH LLC,<br><br>Counter-Defendant. | Case No.: 3:21-cv-03202-LB<br><br>**PELOTON'S MOTION TO FILE DOCUMENTS UNDER SEAL RE REPLY IN SUPPORT OF PELOTON'S MOTION FOR SUMMARY JUDGMENT** |

Under Civil Local Rule 79-5(e), and in connection with the Reply in Support of Peloton's Motion for Summary Judgment ("Peloton's Reply"), Defendant and Counter-Plaintiff Peloton Interactive, Inc. ("Peloton") hereby submits this Motion to File Documents Under Seal. Specifically, this motion requests that the Court permit the filing under seal of: (i) specific portions of Peloton's Reply, at 10:2-5, 16:2-3, 16:15-19; (ii) a specific portion of the Declaration of David Donahue in Support of Peloton's Reply ("Donahue Reply Declaration"), at 4:8-9; and (iii) the entirety of Peloton's Exhibits ("Dxs.")[1] 77 and 78, all filed concurrently herewith. The present motion is supported by the Declaration of David Donahue ("Donahue Decl."), which is filed concurrently herewith, and which describes the reasons justifying the filing under seal of the aforementioned documents. If the specific portions of Peloton's Reply, the specific portion of the Donahue Reply Declaration, or Dxs. 77 or 78 are publicly disclosed, such disclosure would create a significant threat of competitive harm to the company.

## I.   LEGAL STANDARD

A party seeking to keep materials sealed bears the burden to justify the sealing with a "compelling reason." *Lawson v. Grubhub, Inc.*, 15-CV-5128 (JSC), 2017 WL 2951608, at *9 (N.D. Cal. July 10, 2017) (citing *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006)). A party may meet this burden by showing, for example, that "the information sought to be withheld creates a risk of significant competitive injury and particularized harm." *Karl Storz Endoscopy-Am., Inc. v. Stryker Corp.*, No. 14-CV-0876 (RS) (JSC), 2016 WL 7386136, at *6 (N.D. Cal. Dec. 21, 2016) (citing *Apple, Inc. v. Psystar Corp.*, 658 F.3d 1150, 1161-62 (9th Cir. 2011), *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2006), *and Landmark Screens, LLC v. Morgan, Lewis & Brokius LLP*, No. 08-CV-2581 (JF) (HRL), 2010 WL 3221859, at *5 (N.D. Cal. Aug. 13, 2010)). Thus, filing under seal is justified where public disclosure of "business information might harm a litigant's competitive standing." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978).

As a result, district courts in the Ninth Circuit have ruled that business and product strategy documents constitute the type of business information whose public disclosure poses a threat of competitive harm sufficient to justify sealing. *See, e.g.*, *In re Google Location Hist. Litig.*, 514 F. Supp.

---

[1] The exhibit numbers contained herein reflect the same numbering used with the "Dx." exhibits referenced in Peloton's Reply.

3d 1147, 1162 (N.D. Cal. 2021) ("Compelling reasons may exist to seal 'trade secrets, marketing strategies, product development plans, detailed product-specific financial information, customer information, [and] internal reports[.]'" (internal citation omitted)); *Krieger v. Atheros Commc'ns, Inc.*, No. 11-CV-00640 (LHK), 2011 WL 2550831, at *1 (N.D. Cal. Jun. 25, 2011) (granting sealing request of "discussions of business strategy"); *Network Appliance, Inc. v. Sun Microsystems Inc.*, No. C-07-06053 EDL, 2010 WL 841274, at *2 (N.D. Cal. Mar. 10, 2010) (finding compelling reasons to seal "internal information regarding business strategies" as well as "confidential business and product strategy"); *In re Hydroxycut Mktg. & Sales Pracs. Litig.*, No. 09MD2087 BTM AJB, 2011 WL 864897, at *2 (S.D. Cal. Mar. 11, 2011) (finding compelling reasons to seal documents containing information revealing business and marketing strategy as well as product development because such information could cause competitive harm or other injury if publicly divulged).

## II. PELOTON'S DOCUMENTS AND EXHIBITS FOR SEALING

Peloton requests that the Court permit the filing under seal the following documents:

**Peloton's Reply.** The following portions of Peloton's Reply contains material and information that Peloton designated as "Highly Confidential – Attorneys' Eyes Only" or "Confidential" pursuant to the parties' Stipulated Protective order: 10:2-5, 16:2-3, 16:15-19. (*See* Donahue Decl. Ex. A.) These specific portions of Peloton's Reply contain highly confidential information regarding Peloton's internal business plans and product strategy, as well as Peloton's internal legal strategy regarding approaches to trademark clearance and would threaten Peloton with competitive harm if publicly disseminated. Such information, if publicly shared, would give Peloton's competitors an unfair advantage as to and against Peloton and presents compelling reasons to seal. *See, e.g.*, *Optronic Techs., Inc. v. Ningbo Sunny Elec. Co.*, No. 16-CV-06370EJDVKD, 2018 WL 6592784, at *4 (N.D. Cal. Dec. 14, 2018) (sealing email exchange because it "contain[ed] competitively-sensitive legal and business information that is likely to cause harm to defendants if publicly disclosed"); *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (finding compelling reasons for sealing "business information that might harm a litigant's competitive standing" (quoting Nixon, 435 U.S. at 598)); *see also Network Appliance*, No. 07-CV-06053 (EDL), 2010 WL 841274, at *2; *In re Hydroxycut*, 2011 WL 864897, at *2.

**Donahue Reply Declaration.** The following portion of this declaration refers to highly confidential information regarding a non-public trademark search report ordered by Peloton's outside counsel regarding the "+" naming convention, reflecting Peloton's internal-only strategy for clearing product names: 4:8-9. (*See* Donahue Decl. Ex. B.) If publicly disseminated, such information would threaten Peloton with competitive harm by giving Peloton's competitors an unfair advantage as to and against Peloton, and thus presents compelling reasons to seal. *See Optronic Techs.*, 2018 WL 6592784, at *4; *In re Elec. Arts, Inc.*, 298 F. App'x at 569; at *2; *see also Network Appliance*, No. 07-C-06053 (EDL), 2010 WL 841274, at *2; *In re Hydroxycut*, 2011 WL 864897, at *2.

**Dx. 77.** This exhibit contains highly confidential information regarding a non-public search report ordered by Peloton's outside counsel regarding the "+" naming convention, reflecting Peloton's internal legal strategy for clearing product names. If publicly disseminated, such information would threaten Peloton with competitive harm by giving Peloton's competitors an unfair advantage as to and against Peloton, and thus presents compelling reasons to seal. *See Optronic Techs.*, 2018 WL 6592784, at *4; *In re Elec. Arts, Inc.*, 298 F. App'x at 569; *see also Network Appliance*, No. 07-C-06053 (EDL), 2010 WL 841274, at *2; *In re Hydroxycut*, 2011 WL 864897, at *2.

**Dx. 78.** This exhibit is an excerpt of deposition testimony from a Peloton VP of Connected Fitness and reflects confidential information regarding Peloton's software integrations and innovation strategy. As such, this information would threaten Peloton with competitive harm if publicly shared, by giving Peloton's competitors an unfair advantage as to and against Peloton, and therefore presents compelling reasons to seal. *See In re Elec. Arts, Inc.*, 298 F. App'x at 569; *see also Network Appliance*, No. 07-C-06053 (EDL), 2010 WL 841274, at *2; *In re Hydroxycut*, 2011 WL 864897, at *2.

**III.    CONCLUSION**

For the reasons discussed above, Peloton respectfully requests that the Court permit the filing under seal of the aforementioned portions of Peloton's Reply, the aforementioned portions of Donahue Reply Declaration, and Dxs. 77 and 78, as identified herein.

|   |   |
|---|---|
| Date: May 11, 2023 | Respectfully submitted,<br><br>CONRAD \| METLITZKY \| KANE LLP<br><br>_____<br>MARK R. CONRAD<br>Attorney for Defendant Peloton Interactive, Inc. |