UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| WORLD CHAMP TECH LLC, | Case No. 21-cv-03202-LB |
| Plaintiff, | |
| v. | **ORDER DENYING MOTION FOR RECONSIDERATION** |
| PELOTON INTERACTIVE, INC., | Re: ECF No. 222 |
| Defendant. | |

The plaintiff World Champ Tech, which offers a mobile-fitness app called "Bike+" and owns a trademark registration for the same name, sued the defendant Peloton Interactive for trademark infringement and other claims after the defendant launched a new line of interactive stationary bicycles under the name "Peloton Bike+."[1] The court recently granted the defendant's motion for summary judgment on the ground that as a matter of law, there is no likelihood of confusion.[2] The court thus entered judgment.[3] The plaintiff now moves for reconsideration of the final judgment

---

[1] Compl. – ECF No. 1. Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] Order – ECF No. 218.

[3] J. – ECF No. 219.

ORDER – No. 21-cv-03202-LB

under Federal Rules of Civil Procedure 59(e) and 60(b).[4] The court can decide the matter without oral argument, N.D. Cal. Civ. L.R. 7-1(b), and denies the motion.

A district court can "reconsider" final judgments or appealable interlocutory orders under Rules 59(e) (governing motions to alter or amend judgments) and 60(b) (governing motions for relief from a final judgment). *See Balla v. Idaho Bd. of Corr.*, 869 F.2d 461, 466–67 (9th Cir. 1989). Reconsideration is appropriate when (1) the court is presented with newly discovered evidence, (2) the underlying decision was in clear error or manifestly unjust, or (3) there is an intervening change in controlling law. *See School Dist. No. 1J, Multnomah Cnty. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). (At issue here is the second ground.[5]) "[A]mending a judgment after its entry [is] an extraordinary remedy which should be used sparingly." *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011) (cleaned up).

Probably the most important issue is whether the court was clearly wrong that the Bike+ mark is descriptive as a matter of law. As the court noted, courts consider "a mark's strength by reference to the goods or services that it identifies[] and as it appears in the marketplace." *Entrepreneur Media, Inc. v. Smith*, 279 F.3d 1135, 1142 (9th Cir. 2002). Also, a descriptive mark need only "describe some aspect of the [plaintiff's] product." *Zobmondo Ent., LLC v. Falls Media, LLC*, 602 F.3d 1108, 1116 (9th Cir. 2010). Under the circumstances, the burden is the defendant's to overcome a presumption of distinctiveness and all reasonable inferences must go in the plaintiff's favor.[6]

The plaintiff points out that a "Bike+" mark could refer to different things: an app for motorcycle-performance data or a video game, for example, as opposed to the court's description ("an app for enhancing biking"). (The plaintiff's app is primarily for metric tracking during bicycle rides.) The plaintiff further contends that a plus sign does not necessarily refer to

---

[4] Mot. – ECF No. 222.

[5] *Id.* at 5 n.1.

[6] Order – ECF No. 218 at 16–17.

enhancement and could instead refer to "addition, computer language, positivity, [or] alternatives to bikes."[7]

Even if the court were wrong in its exact description of the Bike+ mark's meaning, the mark is still descriptive. At the least, the mark conveys the addition of something to a bike or biking. (This really is just a restatement of the court's previous description, but it helps to illustrate the point.) As applied to an app, that is the conventional meaning of this composite mark (and the actual purpose of the plaintiff's app). *Threshold Enters. v. Pressed Juicery, Inc.*, 445 F. Supp. 3d 139, 150 (N.D. Cal. 2020) ("By examining the dictionary definitions of a mark's components, a court can ascertain whether the resulting mark uses the individual words in a way different from their common meaning."). And that meaning "describe[s] some aspect of the product," literally and without requiring imagination. *Zobmondo Ent.*, 602 F.3d at 1115–16 (the imagination test is the "most-used" test and is the Ninth Circuit's "primary criterion for evaluating distinctiveness") (cleaned up).

Also, the exact function of the app does not need to be conveyed by the mark for the mark to be descriptive. In *Entrepreneur Media*, for example, the mark "Entrepreneur" was descriptive in the context of computer programs (among other products). 279 F.3d at 1142. What does a computer program for entrepreneurs do? The mark didn't answer that question, but it was still descriptive.

The plaintiff points to *Zobmondo* and generally contends that the court did not properly consider the evidence in the record. *Zobmondo* does cast some doubt on the notion of a freestanding conceptual-strength analysis at summary judgment, but the court does not think that changes the outcome here.

"With respect to a registered mark," the defendant's burden "is not simply to show that the mark describes a feature of the trademark holder's product; rather, it must show that consumers regard the mark as merely descriptive of that product." *Zobmondo Ent.*, 602 F.3d at 1117. Put another way, "[t]he underlying issue is the standard of meaning prevalent among prospective

---

[7] Mot. – ECF No. 222 at 8–9.

purchasers of the article." *Id.* at 1116 n.9 (cleaned up). The *Zobmondo* court did hint that some marks are more easily settled: "some terms may not be susceptible to abstract 'imagination test' analysis at summary judgment, and instead the application of the imagination test will be informed by expert testimony offered at trial." *Id.* But dictionary definitions are "not determinative," even if they are "often persuasive." *Id.* at 1116.

All that said, one can find courts appearing to use a freestanding conventional-word-meaning analysis. *Entrepreneur Media*, 279 F.3d at 1142–43 (evaluating the word "entrepreneur" and then examining evidence for purposes of the needs test; the needs test only "confirm[ed]" that the mark was descriptive) ("[W]e need not belabor the point that some words, phrases or symbols better convey their intended meanings than others."); *Kendall-Jackson Winery, Ltd. v. E. & J. Gallo Winery*, 150 F.3d 1042, 1047 n.8 (9th Cir. 1998) ("Descriptive marks define qualities or characteristics of a product in a straightforward way that requires no exercise of the imagination to be understood. Thus, 'Honey Baked Ham' is a descriptive term for a ham that has been baked with honey, and 'Honey Roast' is a descriptive term for nuts that have been roasted with honey.") (cleaned up).

In the end, the court thinks that its descriptiveness holding is sound. There is evidence in the record, beyond conventional meanings, to support the holding. For example, many other companies have used a plus sign next to another word to convey additional quality, and such a plus sign's meaning has been described in mass media.[8] The court denies the motion for reconsideration on this ground.

The issue then is what it means for the reverse-confusion context that the plaintiff's mark is descriptive. The court cited authority for the notion that a descriptiveness finding is very important. *Ironhawk Techs., Inc. v. Dropbox, Inc.*, 2 F.4th 1150, 1162 (9th Cir. 2021) ("[T]he question [on summary judgment in a reverse-confusion case] is whether a reasonable jury could find that [the] mark is at least suggestive[.]"); *Lodestar Anstalt v. Bacardi & Co.*, 31 F.4th 1228, 1260 (9th Cir. 2022) ("Given that the [plaintiff's] mark is properly considered distinctive for

---

[8] Hoyer Report – ECF No. 136-44 at 9–17 (¶¶ 23–56).

purposes of summary judgment, the strength-of-the-mark factor in this reverse confusion case focuses on whether the junior mark is so commercially strong as to overtake the senior mark.") (cleaned up). These propositions are key, and they apply regardless of any consideration of the plaintiff's mark's commercial strength.

Beyond that, the court will rest on its summary-judgment order, which addresses the plaintiff's arguments. The court denies the motion for reconsideration.

This disposes of ECF No. 222.

**IT IS SO ORDERED.**

Dated: March 26, 2024

LAUREL BEELER
United States Magistrate Judge